# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### FORT SMITH DIVISION

**KRISTY DAVIS and KRISTY ROGERS,**　　　　　　　**PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

**V.**　　　　　　　　**CASE NO. 2:22-cv-02079-PKH**

**SUPERIOR HOTEL PROPERTIES, INC.**
**AND SUPERIOR HOTEL MANAGEMENT, INC**　　　　**DEFENDANTS**

## ORIGINAL COMPLAINT- COLLECTIVE ACTION

Comes now, Plaintiffs Kristy Davis and Kristy Rogers (collectively "Plaintiffs") each individually and on behalf of all others similarly situated by and through their attorney, Christopher J. Hooks of Robertson, Beasley, Shipley & Robinson, PLLC and for their Original Complaint-Collective Action against Defendants Superior Hotel Properties, Inc. and Superior Hotel Management, Inc. (the "Defendants) state and allege as follows:

## I. PRELIMINARY STATEMENT

1.　　　This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U. S. C. §201 *et seq.*, (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code. Ann. §11-4-201, *et seq.* (the "AMWA").

2.　　　The Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, punitive damages, reasonable attorneys fees, and costs as a result of the Defendants willful failure to pay the Plaintiff the proper minimum wage and overtime compensation required under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

4.      This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this court has supplemental jurisdiction over Plaintiff's AMWA and other related claims pursuant to 28 U.S.C. §1367(a).

5.      The Defendants employed Plaintiffs at its property located at: 2301 Towson Avenue, Fort Smith, AR 72901; therefore venue is proper within this District pursuant to 28 U.S.C. §1391.

## III. THE PARTIES

6.      Plaintiff Kristy Davis ("Davis") is an individual and resident of Sebastian County, Arkansas.

7.      Plaintiff Kristy Rogers ("Rogers") is an individual and resident of Sebastian County, Arkansas.

8.      Defendant, Superior Hotel Properties, Inc. ("Superior Hotel") is a domestic, for-profit corporation authorized to do business in the State of Arkansas.

9.      Defendant Superior Hotel Management, Inc., ("Superior Management") is a domestic, for-profit corporation authorized to do business in the State of Arkansas.

10.     The Defendants' registered agent for service of process is Shailesh Patel, whose address per the Arkansas Secretary of State website is 2301 Towson Avenue, Fort Smith, AR 72901.

## IV. FACTUAL ALLEGATIONS

11.     Plaintiffs repeat and re-allege all preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Defendant Superior Hotel is the owner of real property located at 2301 Towson Avenue, Fort Smith, Arkansas which operates as a Super 8 Hotel (the "Hotel").

13.     The Hotel consists of two floors and approximately ninety rooms.

14.     Defendants have acted as the employer of the Plaintiff and Defendants are and have been engaged in interstate commerce as that term is defined under the FLSA.

15.     Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produced goods to be transported or sold in Interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

16.     Upon information and belief, Defendant, Superior Hotels' annual gross volume of sales made or business done is not less than $500,000 in each to three years preceding the filing of this Original Complaint.

17.     Upon information and belief, Defendant Superior Managements' annual gross volume of sales made or business done is not less than $500,000 in each to three years preceding the filing of this Original Complaint.

18.     Within the three years preceding the filing of this Complaint, the Defendants have continuously employed at least four employees.

19.     Defendants primary business is providing lodging and certain hospitality services and amenities to customers from the multiple states.

20.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA the AMWA.

21.     Plaintiffs were and are entitled to a lawful minimum wage for all hours worked under forty (40) hours per week and overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours works in excess of forty (40) hours per week.

22.     The Defendants employed Davis as a housekeeper beginning in January 2021 and Davis was employed as a housekeeper at the Hotel until 4/28/22. The Defendants employed Rogers as a housekeeper in April 2021 and Rogers is currently employed as a housekeeper at the Hotel. Davis resided at the Hotel until 4/28/22 and Rogers currently resides at the Hotel.

23.     The Defendants hired the Plaintiffs, controlled their work schedules, duties, protocols, applications, assignments and employment conditions and were required under the FLSA and AMWA to keep accurate records regarding the Plaintiffs' employment.

24.     Upon their hire, the Plaintiffs were told by the Hotel's general manager, Jerry Dohrer, that they were required to live at the Hotel, otherwise they would not be allowed to work as housekeepers at the Hotel. The lodging of the Plaintiffs at the hotel was for the primary benefit of the Defendants and cannot be considered compensation or wages.

25.     The requirement to live at the Hotel is a condition of employment of the Plaintiffs.

26.     The Defendants require all individuals who are employed as housekeepers to reside at the Hotel.

27.     As housekeepers, the Plaintiffs' job duties included cleaning and preparing guest rooms, laundry services and general cleaning duties throughout the Hotel. In addition, the Plaintiffs were from time to time required to work other functions separate from their primary cleaning duties.

28.    The Plaintiffs regularly used and handled goods made in and intended for use in interstate commerce to engage in housekeeping duties, at the Hotel, which due to the nature of services rendered, constituted interstate commerce as it facilitates travelers and guests from several states to stay at the Hotel.

29.    As housekeepers, the Plaintiffs are not paid an hourly rate, nor are they paid a salary for the work they perform for the Defendants.

30.    Instead, the Plaintiffs are paid five dollars ($5.00) for each "check-out" room cleaned and three dollars ($3.00) for each "stay-over" room cleaned per day. A "stay-over" room is a room where a guest is staying for multiple nights at the Hotel.

31.    On days when they work, the Plaintiffs are required to report to the front desk of the Hotel. Upon reporting, the Plaintiffs begin their work day and are given room cleaning assignments and a master key which allows the Plaintiffs to access the rooms designated for cleaning.

32.    Upon reporting to the front desk, the Plaintiffs are also given documentation which shows how many rooms each Plaintiff will be responsible for cleaning on any particular day. The documentation indicates to the the Plaintiffs whether the rooms assigned are "check-out" rooms or "stay over" rooms.

33.    When the Defendants provide this master key, the Defendants record the time the Plaintiffs "check out" the master key to go clean the assigned rooms for that particular day.

34.    After being provided the master key, the Plaintiffs work cleaning their assigned rooms until each room has been cleaned.

35.    Once the Plaintiffs have completed cleaning rooms assigned to them, they return the master key to the front desk and the Defendants record the time the master key is returned.

36.    On average, the Defendants require the Plaintiffs to work six days per week.

37.    The Plaintiffs have on at least one or more occasions during their employment with the Defendant worked over forty (40) hours in the workweek providing their services at the Hotel.

38.    The Plaintiffs are paid on a weekly basis for work performed for the Defendants.

39.    The Plaintiffs each had separate, one-bedroom hotel rooms whereupon the Defendants charged the Plaintiffs two-hundred and twenty-five dollars ($225.00) per week in rent (the "Rent") while the Plaintiffs were/are employed with the Defendants.

40.    It is the Defendants practice to automatically deduct from the Plaintiffs pay the Rent at the end of each weekly pay period.

41.    The Defendants also take taxes out of the Plaintiff's pay and the Defendants issue and have issued the Plaintiffs W-2's in the past.

42.    The Defendants have a practice of deducting compensation from the Plaintiffs if a guest or patron of the Hotel leaves a bad review in a room that a particular Plaintiff was assigned to clean. The Defendants do not provide the Plaintiffs any advance notice of whether this type of deduction will be made against the Plaintiff until the Plaintiff collects their weekly pay.

43.    For example, for the workweek of April 11, Plaintiff Davis had a ninety-five dollar reduction due to an alleged complaint from a guest who stayed at the Hotel the week of April 11. The Defendants did not provide any notice to Plaintiff Davis before arbitrarily reducing her pay that week by ninety-five dollars. As a result of this deduction, Plaintiff Davis had a negative balance after deductions were taken out and receive no money for the work she performed during the workweek of April 11 as explained in more detail below. *See* Exhibit A.

44.    At the end of each weekly pay period, the Plaintiffs are given a given a pay stub which breaks down compensation based upon the number of "check-out" rooms cleaned and "stay-over" rooms

cleaned for that particular weekly pay period. The number of "check-out" rooms cleaned and "stay-over" rooms cleaned are multiplied by the respective flat rate for each.

45.    Taxes and the weekly Rent are then subtracted from the Plaintiffs wages for the particular week, as well as any other deductions the Defendants decide to apply, including but not necessarily limited to docking pay for bad reviews at the Hotel.

46.    Accordingly, under the pay practices the Defendants harbored against the Plaintiffs, there were multiple pay periods were the Plaintiffs were effectively paid nothing or had  negative balances after the Defendants had taken taxes, and rent deductions out of the Plaintiff's pay.

47.    For example, for the week of April 11, 2022 Plaintiff Davis cleaned 47 "check out" rooms and 22 "stay-over" rooms. After taking out taxes and the Rent, Davis grossed $48.97 for the entire workweek of April 11. After the ninety-five dollar reduction was instituted for the week of April 11 against Davis, she actually owed $46.06 to the Defendants for the week of April 11. *See* Exhibit A.

48.    The Defendants were an "employer" within the meaning of the FLSA and the AMWA and were, at all relevant times, the Plaintiffs' employer under the FLSA and AMWA.

49.    Plaintiffs were the Defendants "employees" within the meanings of the FLSA and the AMWA at all times relevant to the allegations in this Complaint.

50.    The Plaintiffs have worked more than forty (40) hours per week in one or more of the weeks the Plaintiffs have been employed by the Defendants.

51.    At all times relevant to the allegations in this Complaint, the Plaintiffs did not have administrative or supervisory authority with their jobs and were non-exempt employees under the FLSA and AMWA, which thereby required an overtime premium to be paid to the Plaintiffs for time worked in excess of forty hours in any particular work week and which required a legal minimum wage to be paid to the Plaintiffs.

52.     The Plaintiffs, during their employment with the Defendants were never compensated with an overtime premium for hours worked over forty in any particular work week during the Plaintiffs' tenure with the Defendants.

53.     The Plaintiffs, during their employment with the Defendants, were not paid a lawful minimum wage under the FLSA and AMWA for all hours worked up to forty in one week.

54.     Upon information and belief, the Defendants pay practices were the same for all individuals employed as housekeepers at the Hotel which is owned and operated by the Defendants.

55.     Upon information and belief, there are other current and former employees of the Defendants who worked at the Hotel within the last three years that were not paid the proper minimum wage and/or were not paid for hours worked over forty in any particular week. These employees were non-exempt for purposes of the FLSA and AMWA.

56.     Defendants knew, had reason to know, or showed reckless disregard for the way they compensated the Plaintiffs in violation of the FLSA and AMWA.

57.     Defendants knew or should have known the requirements of the FLSA and AMWA to pay Plaintiffs the correct overtime premium for all hours worked over forty in any particular week and to pay the Plaintiffs a correct and proper minimum wage.

## V. REPRESENTATIVE ACTION ALLEGATIONS

58.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

59.     Plaintiffs bring this claim for relief from the Defendants' violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons

similarly situated as housekeeping employees who were, are, or will be employed by the Defendants within the applicable statute of limitations periods, who are entitled to the following types of damages:

    A. Minimum wages

    B. Overtime premiums for all hours worked over forty (40) hours in any week;

    C. Liquidated Damages;

    D. Attorney's Fees and Costs; and

    E. Punitive Damages.

60.    Plaintiffs propose the following class/collective under the FLSA:

**All housekeeping employees who lived or resided at the Hotel within the last three years**

61.    The members of the proposed FLSA collective are similarly situated in that they share these characteristics:

    A. They were paid on a flat rate per room basis;

    B. They worked over forty hours in at least one week during their employment with the Defendant;

    C. They were not paid a salary;

    D. They were not paid a proper minimum wage;

    E. They were subject to the Defendants common policy of failing to pay overtime for hours worked over forty in a week.

62.    Similarly situated employees who may become members of the collective are known to the Defendant and are readily identifiable to the Defendants through payroll records Defendants are required to keep by law. Ark. Code. Ann § 11-4-217; 29 U.S.C. §211(c).

63.    Plaintiffs reserve the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

64.    The Plaintiffs are unable to state the exact number of the collective but believe the collective exceeds five (5) persons.

65.    The Defendants can readily identify the members of the collective, which consists of current and former employees of the Defendants.

66.    The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are readily available from the Defendants.

67.    The email addresses and phone numbers of the probable FLSA collective action are available from the Defendants.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

68.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though set forth fully herein.

69.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. §201 *et seq*.

70.    At all relevant times, Defendants have been and continue to be an enterprise engaged in "commerce" as that term is defined within the FLSA. *See* 29 U.S.C. §203.

71.    The FLSA mandates that every employer shall pay to each of his employees who in any workweek is engaged in commerce. . . or is employed in an enterprise engaged in commerce. . . a [minimum] wages at the following rate: $7.25/hour. 29 U.S.C. 206(a)(1).

72.    The FLSA mandates employers engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x an employees' regular wage for all hours worked

over 40 in a workweek, unless an employee meets certain exemption requirements under the FLSA or applicable Department of Labor regulations.

73.    The Plaintiffs do not qualify for any exemptions under the FLSA and are therefore non-exempt employees.

74.    Despite the Plaintiffs' entitlement to a minimum wage under the FLSA, the Defendants have failed to pay the Plaintiffs their minimum wage for all hours worked pursuant to the FLSA. 29 U.S.C. 206(a)(1).

75.    Despite the Plaintiffs entitlement to overtime payments under the FLSA, the Defendants failed to pay the Plaintiffs their proper overtime premium for all hours worked in excess of 40 hours per week.

76.    Defendants knew or should have known that their actions violated the FLSA.

77.    Defendants conduct and practices described above were willful and intentional.

78.    By way of the unlawful acts alleged herein, the Defendants are liable to the Plaintiffs for monetary damages, punitive damages, liquidated damages and costs, which include reasonable attorneys fees allowed by the FLSA, for all violations which occurred beginning at least three years preceding the filing of the Plaintiffs' initial Complaint, plus periods of equitable tolling.

79.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiffs are entitled to recover an award of liquidated damages and an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to section 16(b) of the FLSA.

80.    In the alternative, should this Court find the Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, the Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA- Minimum Wage)

81.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though set forth fully herein.

82.    Plaintiffs assert this claim for damages and  declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. §201 *et seq*.

83.    At all relevant times, Defendants have been and continue to be an enterprise engaged in commerce as that term is defined within the FLSA. *See* 29 U.S.C. §203.

84.    At all relevant times, Defendants jointly controlled and directed the work of the Plaintiffs and all those similarly situated employees. As a result, Defendants are joint employers of the Plaintiffs and those similarly situated employees and Defendants are each directly liable for the violations of the FLSA.

85.    The FLSA mandates that every employer shall pay to each of his employees who in any workweek is engaged in commerce. . . or is employed in an enterprise engaged in commerce. . .  a [minimum] wage at the following rate: $7.25/hour. 29 U.S.C. 206(a)(1).

86.    The FLSA mandates employers engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x an employees regular wage for all hours worked over 40, unless an employee meets certain exemption requirements under the FLSA or applicable Department of Labor regulations.

87.    The Defendants classified the Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

88.    At all relevant times, the Defendants, pursuant to their policies and practices, failed and refused to pay the Plaintiffs and other similarly situated employees their minimum wage for all hours worked pursuant to the FLSA. 29 U.S.C. 206(a)(1).

89.    The Defendants deprived the Plaintiffs and other similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

90.    The Defendants knew or should have known that their actions violated the FLSA.

91.    Defendants' conduct and practices, as described above, were willful and intentional.

92.    By reason of the unlawful acts alleged herein, Defendants are liable to the Plaintiffs and all similarly situated employees for monetary damages, punitive damages, liquidated damages and costs, including reasonable attorneys fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial Complaint, plus periods of equitable tolling.

93.    The Defendants have not acted in good faith nor with reasonable grounds to believe its actions or omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to section 16(b) of the FLSA. 29 U.S.C. 216(b).

94.    In the alternative, should this Court find the Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, the Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA- Overtime Violation)

95.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though set forth fully herein.

96.    Section 207(a)(1) of the FLSA, 29 U.S.C. §207(a)(1) requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all time worked over forty hours per workweek.

97.    Plaintiffs and those similarly situated employees were non-exempt employees for overtime purposes of the FLSA.

98.    The Plaintiffs and those similarly situated employees on at least one occasion worked in excess of forty hours per workweek without receiving any overtime compensation from the Defendants.

99.    The Defendants have violated and continue to violate the FLSA by failing to pay the Plaintiffs and those similarly situated employees overtime compensation for all hours worked in excess of forty hours each week.

100.    The Defendants knew or should have known that the Plaintiffs and other similarly situated employees were entitled to overtime pay and the Defendants knowingly, intentionally and willfully violated the FLSA by failing to pay the Plaintiffs and other similarly situated employees overtime compensation.

101.    By reason of the unlawful acts alleged herein, Defendants are liable to the Plaintiffs and all similarly situated employees for monetary damages, punitive damages, liquidated damages and costs, including reasonable attorneys fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial Complaint, plus periods of equitable tolling.

102.    Defendants have not acted in good faith and have no reasonable grounds to believe their actions and omissions were not a violation of the FLSA. As such, the Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages pursuant to section 16(b) of the FLSA. 29 U.S.C. 216(b).

103.    In the alternative, should this Court find the Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, the Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF
**(Individual Claim for Relief for Violation of the Anti-Retaliation Provision of the FLSA)**

104.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though set forth fully herein.

105.    Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]. 29 U.S.C.§ 215(a)(3).

106.    The anti-retaliation provisions of the FLSA apply to both former and present employees.

107.    Plaintiffs, Davis and Rogers engaged in protected activity by filing a wage and hour complaint with the Arkansas Department of Labor detailing the illegal pay practices of the Defendants at the Hotel on or about April 4, 2022.

108.    Davis and Rogers on multiple occasions, complained to their supervisor at the Hotel that they were not being paid the proper minimum wage and overtime.

109.    Upon information and belief, the Defendants, after being notified of the Plaintiffs contacting the Arkansas Department of Labor, informed Plaintiff Kristy Davis that she was being

terminated on or about April 28, 2022. The Defendants provided no reasoning for why they were terminating Davis.

110.    The Defendants' termination of Davis constituted an adverse employment action which was causally connected to Davis participating in statutorily protected activity under the FLSA, that being filing the wage and hour complaint with the Arkansas Department of Labor.

111.    At approximately 12:00 P.M. on April 28, 2022, an agent of the Defendants informed Plaintiff Kristy Davis she had three hours to get out of her room at the Hotel.

112.    At or around 3:00 P.M. on April 28, 2022, agents for the Defendants locked the room at the Hotel where Plaintiff, Davis had resided since January of 2021.

113.    As this was Davis' residence at the time, Davis had no where else to go and was forced spend the night in the parking lot of the Hotel.

114.    As she was packing up her belongings, Davis asked an agent of the Defendants for her last paycheck and an agent of the Defendants declined to provide her with her last paycheck for the week of April 25-May 1 of 2022.

115.    Due to such short notice to vacate, Davis was unable to get all of her belongings gathered in three hours and had to leave without all of her belongings. Davis sought arrangements to come back to get the rest of her possessions but the Defendants did not allow her to return.

116.    Upon information and belief, the Defendants threw Davis's possessions away after the Defendants forcibly removed Davis from the Hotel.

117.    The actions of the Defendant on April 28, 2022 were in retaliation for Davis engaging in protected activity under the FLSA.

118.    Individual Plaintiff Davis should be compensated for lost income due to the Defendants' unlawful retaliation and should be compensated for any pain, suffering, emotional distress or loss suffered as a result of Defendants' actions.

119.    Punitive damages should be assessed against the Defendants for their blatant and willful retaliatory actions against Davis for her participation in protected conduct which is in direct and intentional violation of the FLSA.

## X. FIFTH CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

120.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though set forth fully herein.

121.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code. Ann. §11-4-201 *et seq*.

122.    At all relevant times, the Defendants were the Plaintiffs "employer" within the meaning of the AMWA.

123.    Sections 210 and 211 of the AMWA requires employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages as overtime wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. §213 and accompanying Department of Labor regulations.

124.    Employers subject to the AMWA "beginning January 1, 2021, [shall pay] the rate of not less than eleven dollars ($11.00) per hour except as otherwise provided in this subchapter." Ark. Code. Ann. §11-4-210(a)(3).

125.    The Defendants classified the Plaintiffs as non-exempt from the requirements of the AMWA.

126.    Defendants failed to pay the Plaintiffs the legal and appropriate minimum wage under the AMWA.

127.    The Defendants failed to pay the Plaintiffs overtime wages as required under the AMWA for all hours the Plaintiffs worked in excess of forty hours per week.

128.    Defendants knew or should have known that their practices violated the AMWA.

129.    Defendants conduct and practices, as described above, were willful and intentional.

130.    By reason of the unlawful acts alleged herein, the Defendants are liable to the Plaintiffs for all remedies available to the Plaintiffs under the AMWA, which includes monetary damages, liquidated damages, punitive damages, prejudgment interest, and costs, including reasonable attorneys fees as provided for by the AMWA.

## XI. JURY DEMAND

131.    Plaintiffs demand a jury trial on all issues so triable.

## XII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Kristy Davis and Kristy Rogers, each individually and on behalf of all others similarly situated, respectfully pray that this Court grant declaratory relief and damages as follows:

A.    Declaratory judgment that Defendants' payroll practices alleged in this Complaint were willful and in violation of the FLSA, the AMWA and applicable related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion regarding the same;

C.      Judgment for damages suffered by the Plaintiffs and other similarly situated for all unpaid minimum wages and for all unpaid overtime wages under the FLSA, the AMWA and their related regulations; from three years prior to this lawsuit through the date of trial;

D.      Judgement for liquidated damages and punitive damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations from three years prior to this lawsuit through the date of trial;

E.      An order directing the Defendants to pay the Plaintiffs and all others similarly situated, a reasonable attorneys fee and all costs associated with this action together with all applicable interest;

F.      An order directing the Defendants to pay the Plaintiff Kristy Davis punitive damages for the Defendants retaliating against her for engaging in protected conduct under the FLSA and for all other relief available to Plaintiff Kristy Davis under the anti-retaliation provisions of the FLSA;

G.      An order for an injunction restraining the Defendants from continuing to withold the minimum and overtime compensation that is due to the Plaintiffs and all similarly situated employees while this litigation is ongoing and to prevent the Defendants rom retaliating against the Plaintiffs or any similarly situated employees who take part in this action;

H.      Entry an Order for the Defendants to provide a complete and accurate accounting of all the compensation to which the Plaintiffs and all similarly situated employees are entitled; and

I.      Any and all such other further relief as this Court may find just and proper.


Respectfully submitted,


**KRISTY DAVIS AND KRISTY ROGERS, Each
Individually and on Behalf of all Others
Similarly Situated**

**PLAINTIFFS**

By: /s/Christopher J. Hooks
Christopher J. Hooks, ABA #2020190
Robertson, Beasley, Shipley
& Robinson, PLLC
315 N. 7th Street
Fort Smith, AR 72901
479-782-8813
479-785-0254 (fax)
chooks@rbsr-attorneys.com

EXHIBIT
A