UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KRISTY DAVIS and KRISTY ROGERS,
each individually and on behalf of all
others similarly situated                                                                PLAINTIFF

v.                                         No. 2:22-cv-02079

SUPERIOR HOTEL PROPERTIES, INC.
and SUPERIOR HOTEL MANAGEMENT, INC.                                    DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiffs' unopposed motion (Doc. 18) for conditional certification of an FLSA collective action, for approval and distribution of notice, and for disclosure of contact information (hereafter, "motion to certify"). The Court has also reviewed Plaintiffs' brief (Doc. 19) in support of the motion to certify. The Defendants have consented to the proposed class definition (Doc. 18-1) and proposed forms of notice (Doc 18-9). For the reasons given below, Plaintiffs' motion to certify is GRANTED.

**I.      Background**

Plaintiffs Kristy Davis and Kristy Rogers filed this lawsuit against Superior Hotel Properties, Inc., and Superior Hotel Management, Inc. (collectively, "Superior") in May of 2022, alleging violations of the Fair Labor Standards Act (FLSA). Plaintiffs allege that, rather than paying its housekeeping staff an hourly rate, Superior paid them by the room: $5 after a guest had checked out and $3 while the guest was still checked in. Plaintiffs claim that Superior required them to work an average of six days per week, that they and their fellow housekeepers had each worked more than 40 hours during at least one week, and that they had not been paid overtime for those weeks. Further, Plaintiffs assert that Superior required its housekeepers to live at the hotel

1

Superior operated, with Superior deducting $225 "rent" per week from their paychecks.  If a guest complained or left a bad review about a room that a given housekeeper had cleaned, Superior allegedly deducted money from that housekeeper's paycheck.  Plaintiffs' Exhibit A purports to show one of Ms. Davis's paychecks calculated by this method.  For the week in question, Ms. Davis cleaned a total of 69 rooms for a gross income of $301.  Once taxes and the $225 "rent" were subtracted, Ms. Davis's net earnings were $48.97.  However, since one of her guests had allegedly complained, Superior subtracted $95 from Ms. Davis's earnings.  She therefore claims to have ended the week owing her employer money.

This lawsuit is a putative collective action brought on behalf of all of Superior's live-in housekeeping staff during the relevant period.  Among other things, the complaint seeks declaratory relief against Superior, damages (including liquidated and punitive damages) for unpaid minimum and overtime wages, and attorney fees and costs.

On August 16, 2022, Plaintiffs filed their motion to certify.  They seek conditional certification of the following class under the FLSA: "All Housekeeping employees who lived or resided at the Hotel within the last three years."  (Doc. 18, p. 1).  Both parties have approved this definition of the collective.[1]  (Doc. 18-1.)  The parties have also approved a printed notice (Doc. 18-2), electronic notice containing a digital copy of the printed notice (Doc. 18-5), printed consent-to-join form (Doc. 18-3), and electronic consent-to-join form (Doc. 18-4) to be distributed to the potential collective action members, as well as a "Second Notice of Right to Join" (Doc. 18-6) to

---

[1] However, Plaintiffs have proposed, and Superior has approved, notice documents containing time parameters potentially inconsistent with this definition.  *See* Doc. 18-2 at (4) ("Plaintiffs seek to sue…on behalf of all housekeeping employees who lived in or resided at the hotel within the last three years since May 10, 2019"); Doc. 18-3 ("I was employed as a housekeeper by Superior…and did not receive overtime pay [and/or] did not receive a proper minimum wage…on or after May 10, 2019); Doc. 18-4 (same) (emphasis added).

2

be distributed by traditional U.S. Mail and e-mail to potential collective action members who have not responded thirty days after the opt-in period begins. Plaintiffs have proposed that Superior be given seven days to produce the name, last known address, e-mail address, and phone number of all potential class members, following which Plaintiffs will have 90 days to collect the consent-to-join forms from opt-in plaintiffs.

The Court will certify an FLSA collective action in this case for the following class: "All Housekeeping employees who lived or resided at the Hotel on or after May 10, 2019." Further, the Court has reviewed the proposed notice documents and will approve them subject to the changes listed below. Finally, the Court will grant Superior 14 days from the date of this Opinion and Order in which to produce the names and contact details of potential class members, following which Plaintiffs will have 90 days to collect and file the consent-to-join forms from opt-in plaintiffs. Below, this Opinion and Order will explain the reasoning for the Court's decisions.

## II. Certified Class

An action under the FLSA "may be maintained against any employer [ ] in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Neither § 216(b) nor the Eighth Circuit Court of Appeals has defined when "other employees [are] similarly situated" such that collective action certification and authorization of notice is appropriate. *See Davenport v. Charter Comms., LLC*, 2015 WL 164001, at *4 (E.D. Mo. Jan. 13, 2015). District courts within the Eighth Circuit, including this District, have historically utilized a two-stage approach for collective action certification under § 216(b). *See, e.g., Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007) (Barnes, J.). Under this approach, the relevant inquiry for certifying a class is whether "plaintiffs and potential class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner." *See id.* at 941.

Here, when the allegations in the complaint are accepted as true, the requirements for class certification are met. The potential class members were all subject to Superior's policies of paying by the room, not paying a minimum wage, not awarding overtime pay, requiring housekeeping staff to live at the hotel and pay rent, and having sums deducted from their paychecks due to guest complaints. Further, in a declaration in support of the motion for conditional certification, Ms. Davis stated that she believed based on conversations with other housekeeping staff that these individuals had been subject to the per-room payment system, had been paid less than the minimum wage, and were deprived of overtime pay. When the allegations in the complaint are accepted as true, the Court concludes this collective action comprises similarly situated employees to Plaintiff.

The Court therefore approves the collective action for the proposed class with the following change: "within the last three years" should be replaced with "on or after May 10, 2019."

### III.   Dissemination of Notice

Plaintiffs propose that Superior be given seven days to produce the names, last known mailing addresses, phone numbers, and e-mail addresses of the potential collective action members. The usual practice of this Court is to give defendants in FLSA cases 14 days to produce contact information for potential class members. *See, e.g., Murray v. Silver Dollar Cabaret, Inc.*, 2017 WL 514323, at *8 (W.D. Ark. Feb. 8, 2017). As Plaintiffs have not indicated any special need for an earlier deadline, the Court opts to grant Superior the customary 14 days from the date of this Opinion and Order in which to produce contact information for potential collective action members.

Plaintiffs further propose that, after Superior produces this contact information, Plaintiffs be given 90 days to notify and receive consent from the proposed class. This Court ordinarily finds that 60-day notice periods are sufficient to facilitate notice without delaying litigation, especially when most potential opt-in plaintiffs are likely to be located in Arkansas. *See, e.g.*,

*Ferguson v. Ark. Support Network, Inc.*, 2018 WL 2136359, at *4 (W.D. Ark. May 9, 2018). However, given the nature of the work and the workplace's location on the border with Oklahoma, the Court finds that members of the proposed class are likely to be transient. Therefore, the Court grants Plaintiffs 90 days to notify and receive consent from the proposed class. *See Murray*, 2017 WL 514323, at *6 (approving 90-day notice period "because of the transient nature of exotic dancers and the lack of available contact information").

### IV.     Form of Notice

The parties have agreed on a set of proposed notice documents. The Court has reviewed these documents and will approve them with the following changes:

- The "TO:" line in both the printed notice (Doc. 18-2) and the digital copy thereof attached to the electronic notice (Doc. 18-5) should be changed so that "within the last three years" is replaced with "on or after May 10, 2019."

- Section (4) of both the printed notice (Doc. 18-2) and the digital copy thereof attached to the electronic notice (Doc. 18-5) should be changed so that "within the last three years since May 10, 2019" is replaced with "on or after May 10, 2019."

- The "blank" ( _____ ) in the footer line of both the printed notice (Doc. 18-2) and the digital copy thereof attached to the electronic notice (Doc. 18-5), as well as the "blank" in Section (5) of these documents, should be replaced with a date 90 days from the date on which contact information for potential collective action members is furnished by the Defendants.

- The printed consent to join form (Doc. 18-3) should be changed so that "did not receive a proper minimum wage and/or [sic] on or after May 10, 2019" is replaced with "did not receive a proper minimum wage and/or a bonus on or after May 10, 2019."

- The "blanks" in the body of the second notice of right to join the lawsuit (Doc. 18-6) should

5

be replaced with a date 90 days from the date on which contact information for potential collective action members is furnished by the Defendants.

V.      **Conclusion**

IT IS THEREFORE ORDERED that Plaintiffs' unopposed motion (Doc. 18) is GRANTED as follows:

- The Court conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorizes notice to be sent to potential opt-in plaintiffs. The opt-in class will consist of all housekeeping employees who lived at the hotel on or after May 10, 2019. After receiving contact information for potential opt-in plaintiffs, Plaintiffs must prepare and distribute notice to all putative plaintiffs as allowed by this order.  Plaintiffs may send by mail and email a reminder postcard to putative plaintiffs who have not returned opt-in forms 30 days after notice is mailed to them.  Plaintiffs must file any opt-in plaintiffs' signed consent-to-join forms with the Court within 90 days after receiving the opt-in class's contact information from Superior.

- Superior must provide to Plaintiff, in a usable electronic format, the names, last known mailing addresses, email addresses, telephone numbers, and dates of employment of all putative members of the collective action. **Superior has until September 8, 2022, to deliver the contact information to Plaintiffs.**

- The parties' proposed notice (Doc. 18-2), proposed electronic notice (Doc. 18-5), and proposed paper and electronic consent to join (Docs. 18-3 and 18-4) are approved subject to the changes discussed in this Opinion and Order.

- No more than seven days after it sends the prospective collective members' contact information to Plaintiffs, and continuing for 90 days thereafter, Superior is directed to post

a copy of the notice (Doc. 18-2) in a conspicuous location in an employee common area or where other notices of employee rights are posted.

IT IS SO ORDERED this 25th day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE